*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SPINE SPECIALISTS OF MICHIGAN, PC,

        Plaintiff-Appellant,

v

ESURANCE PROPERTY AND CASUALTY
INSURANCE COMPANY,

        Defendant-Appellee.

UNPUBLISHED
April 20, 2023

No. 359154
Oakland Circuit Court
LC No. 2021-185590-NF

Before: CAVANAGH, P.J., and BOONSTRA and RIORDAN, JJ.

PER CURIAM.

Plaintiff appeals by leave granted[1] the order granting defendant's motion for partial summary disposition, under MCR 2.116(C)(10) (genuine issue of material fact). On appeal, plaintiff argues that the trial court erred by determining that the tolling portion of MCL 500.3145(3) did not apply to the damages-limiting provision of MCL 500.3145(2), the one-year-back rule, and by determining our Supreme Court's administrative orders, Administrative Order No. 2020-3, 505 Mich lxxiv (2020), and Administrative Order No. 2020-18, 505 Mich lxxxviii (2020), did not apply to the one-year-back rule. We reverse and remand to the trial court for further proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This first-party case under the no-fault act, MCL 500.3101 *et seq.*, arises out of a motor vehicle accident, in which defendant's insured sustained bodily injuries requiring treatment. There is no dispute concerning the extent of the insured's injuries, or the reasonable necessity of the treatment provided by plaintiff. After treatment, the insured submitted four claims for service expenses:

---

[1] *Spine Specialists of Mich PC v Esurance Prop & Cas Ins*, unpublished order of the Court of Appeals, entered March 24, 2022 (Docket No. 359154).

September 30, 2019   =      Claim for $46,000

January 7, 2020     =      Claim for $350

February 11, 2020    =      Claim for $350

March 10, 2020     =      Claim for $350

Plaintiff filed suit on January 8, 2021, asserting claims for outstanding personal injury protection (PIP) benefits and breach of contract, alleging that defendant only made partial payment and refused to pay the remaining balance. Defendant moved for partial summary disposition under MCR 2.116(C)(10), arguing that plaintiff's claims for any expenses incurred before January 8, 2020, were barred under the one-year-back rule, MCL 500.3145(2). In response, plaintiff first argued that AO 2020-3 and AO 2020-18 tolled the one-year-back rule, and, when including the tolled portion under the administrative orders, its complaint was timely as to all claims. Second, a genuine issue of material fact existed regarding whether the tolling provision in MCL 500.3145(3) applied to the one-year-back rule, rendering summary disposition inappropriate. Plaintiff argued that defendant failed to produce any evidence of a formal denial of the insured's claims, which would have ended the tolling period of MCL 500.3145(3). Thus, plaintiff argued, because there was no formal denial, the period remained tolled until plaintiff filed its complaint. Defendant replied, arguing that neither the administrative orders nor the tolling provision in MCL 500.3145(3) applied to the one-year-back rule because it was a damages-limiting provision, not a statute of limitations. After a hearing, the trial court granted defendant's motion for partial summary disposition, and dismissed plaintiff's claims for expenses incurred before January 8, 2020. The trial court denied plaintiff's motion for reconsideration, and plaintiff now appeals.

## II. ANALYSIS

Plaintiff argues that the trial court erred when it determined that the tolling provision of MCL 500.3145(3) did not apply to the damages-limiting provision of MCL 500.3145(2). We agree.

"We review de novo a trial court's ruling on a motion for summary disposition." *Encompass Healthcare, PLLC v Citizens Ins Co*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 357225); slip op at 3. "A motion under [MCR 2.116(C)(10)] tests the factual sufficiency of the complaint." *Candler v Farm Bureau Mut Ins Co of Mich*, 321 Mich App 772, 777; 910 NW2d 666 (2017) (quotation marks and citation omitted). A trial court, in evaluating a motion for summary disposition under MCR 2.116(C)(10), "considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties in the light most favorable to the party opposing the motion." *Id.* (quotation marks and citation omitted).

> Summary disposition is appropriate under MCR 2.116(C)(10) if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ. [*West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003).]

"Issues of statutory interpretation are questions of law that this Court reviews de novo." *Spectrum Health Hosps v Farm Bureau Mut Ins Co of Mich*, 492 Mich 503, 515; 821 NW2d 117 (2012).

The proceedings below occurred, and the parties' briefs on appeal were submitted, before this Court issued a published decision on this issue. The parties' arguments therefore need not be discussed in detail because there is now published caselaw directly on point. "The goals of Michigan's no-fault insurance system include promptly compensating victims of motor vehicle accidents for covered losses and reducing the need for litigation." *Encompass Healthcare, PLLC*, ___ Mich App at ___; slip op at 1. "When an insurer denies a claim, the one-year-back rule serves another goal by encouraging claimants to file suit when the evidence is fresh, limiting recovery for improperly denied claims to losses incurred during the year before the action is filed." *Id.*

The no-fault act was amended by 2019 PA 21, and MCL 500.3145 now states, in relevant part:

> (1) An action for recovery of personal protection insurance benefits payable under this chapter for an accidental bodily injury may not be commenced later than 1 year after the date of the accident that caused the injury unless written notice of injury as provided in subsection (4) has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury.

> (2) Subject to subsection (3), if the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable expense, work loss, or survivor's loss has been incurred. *However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced.*

> (3) A period of limitations applicable under subsection (2) to the commencement of an action and the recovery of benefits is *tolled from the date of a specific claim for payment of the benefits until the date the insurer formally denies the claim.* This subsection does not apply if the person claiming the benefits fails to pursue the claim with reasonable diligence. [Emphasis added.]

"The central difference between the pre and post-amendment MCL 500.3145 is the insertion of the phrase 'until the date the insurer formally denies the claim.' " *Encompass Healthcare, PLLC*, ___ Mich App at ___; slip op at 6. In *Encompass Healthcare, PLLC*, this Court concluded: "[T]hese amendments to MCL 500.3145, particularly the addition of Subsection (3), act to supersede our Supreme Court's ruling in *Devillers* [*v Auto Club Ins Ass'n*, 473 Mich 562; 702 NW2d 539 (2005)] and return the state of law to that provided in *Lewis* [*v DAIIE*, 426 Mich 93, 101-102; 393 NW2d 167 (1986),] and its progeny." *Encompass Healthcare, PLLC*, ___ Mich App at ___; slip op at 6-7. "Critically, the tolling exception adopted in MCL 500.3145(3) is identical to that embraced in the cases overruled, demonstrating the Legislature's intent to impose a tolling exception to the one-year-back rule in the form it existed before *Devillers*." *Id.* at ___; slip op at 7. This Court ultimately held that "because Citizens Insurance Company never formally

denied Encompass Healthcare, PLLC's requests for reimbursement, the application of the one-year-back rule remained tolled until this lawsuit was filed." *Id.* at ___; slip op at 1.

Simply put, *Encompass Healthcare, PLLC* stands for the proposition that "the one-year-back period is tolled until the date of the insurer's formal denial of a claim." *Id*. In this case, while defendant submitted proof of its formal denial of the insured's claims in its appendix on appeal, the denial was not part of the record before the trial court. "This Court's review is limited to the record established by the trial court, and a party may not expand the record on appeal." *Sherman v Sea Ray Boats, Inc*, 251 Mich App 41, 56; 649 NW2d 783 (2002). Therefore, this Court may not consider the formal denial when reviewing this case. The case, as it stood before the trial court, had no evidence of a formal denial of the insured's claims. Therefore, under *Encompass Healthcare, PLLC*, the one-year-back rule continued to be tolled until plaintiff filed suit on January 8, 2021, rendering all of its claims timely.

Lastly, even if this Court were to consider the formal denial, which occurred on March 24, 2020, plaintiff's complaint was still timely for all claims. Plaintiff's oldest claim was for September 30, 2019. Under MCL 500.3145(3), the one-year-back rule was tolled from September 30, 2019, the date the oldest claim accrued, to March 24, 2020, the date defendant formally denied the insured's claims, a total of 176 days. This would render plaintiff's complaint due on March 24, 2021, for its earliest claim. Plaintiff filed suit on January 8, 2021, well within the time frame required. Therefore, to the extent that defendant may move for summary disposition again and actually provide the formal denial to the trial court, the outcome would not change.

Finally, we decline to consider defendant's cursory argument plaintiff failed to pursue its claims with reasonable diligence, thus negating the application of the tolling provision of MCL 500.3145(3), because defendant failed to provide legal support for, and thus abandoned, this argument. "An appellant may not merely announce a position then leave it to this Court to discover and rationalize the basis for the appellant's claims; nor may an appellant give an issue only cursory treatment with little or no citation of authority." *Cheesman v Williams*, 311 Mich App 147, 161; 874 NW2d 385 (2015).

Because this issue warrants reversal, plaintiff's second argument concerning our Supreme Court's administrative orders need not be addressed. However, we note that this Court recently addressed this issue in *Wenkel v Farm Bureau Gen Ins Co*, ___ Mich App ___; ___ NW2d ___ (2022) (Docket No. 358526), in which we held the administrative orders did not apply to the one-year-back rule. *Id.* at ___; slip op at 4-5.

## III. CONCLUSION

We reverse the trial court and remand to that court for further proceedings consistent with our opinion. We do not retain jurisdiction.

/s/ Mark J. Cavanagh
/s/ Mark T. Boonstra
/s/ Michael J. Riordan

-4-